

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| CLIFFORD SCOTT MEDLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0051 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO GRANT RESPONDENT QUARTERMAN'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 2244(d)

Came this day for consideration the above-entitled motion filed by respondent on April 5, 2007. By his motion, respondent requests this Court dismiss the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CLIFFORD SCOTT MEDLEY as being time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion to dismiss should be GRANTED.

I.

PROCEDURAL HISTORY

On June 15, 1995, in the 251st Judicial District Court of Potter County, Texas, petitioner was indicted for the offense of murder. *State v. Medley*, No. 35,170-00-C. On April 9, 1998, a

jury found petitioner guilty and assessed punishment at life in prison. On direct appeal, the Seventh Court of Appeals issued an October 27, 2000 opinion finding petitioner was entitled to a new trial due to the trial court's error of not allowing petitioner to withdraw a waiver of representation by counsel. *Medley v. State*, 47 S.W.3d 17 (Tex.App. – Amarillo 2000). The Texas Court of Criminal Appeals denied the state's petition for discretionary review on May 23, 2001. *Medley v. State*, P.D.R. No. 2095-00. Petitioner was re-tried and on March 11, 2002 a second jury convicted petitioner of murder. This second jury assessed petitioner's punishment at forty (40) years imprisonment in the Texas Department of Criminal Justice, Institutional Division.[1] Petitioner appealed and on August 17, 2004 the Seventh Court of Appeals affirmed the conviction. *Medley v. State*, No. 07-02-0145-CR, slip op., 2004 WL 1839315 (Tex.App. – Amarillo Aug. 17, 2004). The court of appeals overruled motions for rehearing on September 27, 2004 and October 20, 2004. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on January 12, 2005 and denied his motion for rehearing on March 2, 2005. *Medley v. State*, P.D.R. No. 1777-04. Petitioner filed a petition for *certiorari* with the United States Supreme Court which was denied November 7, 2005. *Medley v. Texas*, 126 S.Ct. 621 (2005). A motion for rehearing was denied by the Supreme Court on January 9, 2006. *Medley v. Texas*, 126 S.Ct. 1135 (2006).

On January 9, 2007, petitioner filed a state application for writ of habeas corpus. *Ex parte Medley*, App. No. 66,218-02[2]. On March 14, 2007, the Texas Court of Criminal Appeals

---

[1] Respondent states petitioner received a life sentence after the second trial but TDCJ-CID and state court records indicate it was a 40-year sentence.

[2] Petitioner asserts he filed his state writ application on January 6, 2007 not January 9, 2007 as presented by respondent. This discrepancy, however, is irrelevant because the instant federal habeas application was time barred prior to any January 2007 state habeas filing.

dismissed petitioner's state habeas application for non-compliance with state procedural rules. *Id*. at cover. Petitioner filed a motion for reconsideration on March 28, 2007 and on April 3, 2007, the Texas Court of Criminal Appeals disposed of the motion stating, "No action necessary."[3] According to petitioner he placed the instant federal habeas petition in the prison mailing system on March 1, 2007 although it was not received and filed by the Clerk until March 21, 2007. On April 5, 2007, respondent filed a motion to dismiss petitioner's federal habeas application with prejudice pursuant to 28 U.S.C. § 2244(d). On May 23, 2007 petitioner filed a response in opposition to respondent's motion to dismiss. On May 29, 2007 petitioner re-filed his response with an appendix. On October 31, 2007 petitioner was allowed by the Court to file an "Amendment to Petitioner's Response to Respondent's Motion to Dismiss."

## II.
## PETITIONER'S CLAIMS

Petitioner claims his conviction and sentence are in violation of the United States Constitution because:

1. Statements from the first trial were improperly used to impeach petitioner at the second trial;

2. The second conviction is barred by double jeopardy;

3. The second conviction resulted from a coerced confession;

4. The second conviction resulted from a violation of petitioner's right against self incrimination;

5. Petitioner's confession was compelled;

6. The trial court judge was biased;

---

[3]This information was obtained from the Texas Court of Criminal Appeals online docket for the case *Ex parte Medley*, App. No. 66,218-02.

7. The retrial failed to purge the unconstitutional taint of the first trial;

8. Trial counsel was ineffective; and

9. Appellate counsel was ineffective.

III.
RESPONDENT'S MOTION TO DISMISS

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period in which to file an application for a federal writ of habeas corpus by a person in custody pursuant to a state court judgment. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment because final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted by initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

By his motion, respondent argues petitioner's federal habeas application is barred by the

statute of limitations. Respondent contends the date on which petitioner's judgment became final triggered the beginning of the limitations period in this case. *See* 28 U.S.C. § 2244(d)(1)(A). Respondent maintains petitioner's conviction became final November 7, 2005 when the United States Supreme Court denied *certiorari* review, and not when the Supreme Court denied petitioner's motion for rehearing. *See Giesberg v. Cockrell*, 2898 F.3d 268, 270-71 (5th Cir. 2002)(conviction becomes final for limitations purposes when Supreme Court denies *certiorari*). *Giesberg* is binding precedent in the Fifth Circuit and respondent is correct that it is applicable to this case. Therefore, under Fifth Circuit law petitioner had until November 7, 2006 to file the instant federal habeas application. Petitioner did not file the instant petition until March 21, 2007 and thus it is barred by statutory limitations.[4]

To the extent petitioner attempts to argue he should receive the benefit of the "mailbox rule" pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) because he attempted to place the instant petition in the prison mailing system on October 31, 2006, such argument is without merit. Petitioner claims he submitted a copy of the instant petition with a request to prison officials to deduct the five dollar filing fee and forward such fee, with the petition, to the Clerk. Petitioner states everything was returned to him with a notice from prison officials that he could not submit mail with withdrawal requests. Petitioner claims he made several attempts to the Unit Warden and to the Access to Courts Program Administrator but never received any response. After consulting with the prison law library officer, petitioner states he mailed, on March 1, 2007, his federal petition to an individual outside the prison who then enclosed the

---

[4]Petitioner is not entitled to tolling because his state habeas application was not filed until after the AEDPA deadline for the filing of the instant petition. Even if the state habeas application had been timely filed it was not "properly filed" as argued by respondent and was dismissed for procedural error, failing, therefore, to trigger the tolling application.

filing fee and forwarded the petition and the fee to the Clerk. To be entitled to statutory tolling, petitioner would have to have actually placed his petition in the prison mailing system, and this is not what happened. Petitioner failed to follow proper prison procedure and his mailing was rejected. Further, to the extent petitioner argues he should be entitled to equitable tolling, in light of his efforts to contact prison authorities and mail his federal petition, such claim is without merit. As discussed *supra*, petitioner's judgment became final November 7, 2005 making the instant petition due November 7, 2006. Even accepting petitioner's representations as true, he waited until the end of October of 2006, only days before the AEDPA deadline and more than two months before filing his state habeas petition, to even attempt to mail the federal petition. Such inaction by petitioner for almost an entire year disqualifies this case any equitable tolling. *Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007). Even assuming petitioner erroneously though his conviction did not become final until after the Supreme Court denied rehearing on January 9, 2006, Fifth Circuit precedent holds that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Id. (citing *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent NATHANIEL QUARTERMAN be GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

 IT IS SO RECOMMENDED.

 ENTERED this <u>11th</u> day of February 2008.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### \* **<u>NOTICE OF RIGHT TO OBJECT</u>** \*

 Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

 Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).